IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| COMPLETE BUSINESS SOLUTIONS GROUP, | : | |
|---|---|---|
| *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 17-4069 |
| | : | |
| THOMAS ALAN SUESS, | : | |
| *Defendant.* | : | |

MEMORANDUM

JONES, II    J.                                                                                    JUNE 24, 2019

## I.     INTRODUCTION

Pending before the Court is Defendant's Motion for Reconsideration (ECF No. 20) of this Court's Order dated September 11, 2018 (ECF No. 19), which denied Defendant's Motion to Open Confession of Judgment (ECF No. 2). Defendant contends that: 1) newly discovered evidence, 2) caselaw previously overlooked, and 3) a misinterpretation of an agreement at issue warrant reconsideration. The Court agrees with Defendant's final argument, and will grant the Motion for Reconsideration, in part, and deny it, in part.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Background

Plaintiff Complete Business Solutions Group, Inc. ("Plaintiff") is a limited liability company formed under the laws of the Commonwealth of Pennsylvania. Removal Notice at Ex. A ¶ 1 (ECF No. 1.) Defendant Suess, a resident of the State of California, owns C.R. Stelling Insurance Agency – a sole proprietorship formed and operating under California law (collectively, the "Defendant"). (ECF No. 1 ¶¶ 2,3.) Plaintiff entered into two "factoring agreements" with Defendant in December 2016 and April 2017 (collectively, the "Agreements"), whereby Plaintiff

1

purchased certain of Defendant's accounts receivable for an interest rate of 106% and 133%, respectively. Opp'n Mot. Set Aside J. ¶ 2 (ECF No. 5.); Mem. ISO Mot. Open at pp. 7, 15, 20 (ECF No. 2-1.) The Agreements were individually guaranteed by Defendant Suess. (ECF No. 1 ¶ 7.) Under the Agreements, if Defendant failed to make a payment to Plaintiff, Defendant would be in default and Plaintiff would be entitled to a confession of judgment. (ECF No. 2-1, p. 6.) In July 2017, Defendant failed to tender payment to Plaintiff in accordance with the Agreements. Consequently, Plaintiff commenced this action by filing a complaint in confession of judgment for $254,510.33 (the "Confessed Judgment") in the Philadelphia Court of Common Pleas. Confession J. at 2 (ECF No. 5-5)

### B. Procedural History

After Plaintiff commenced this action on July 11, 2017, Defendant properly removed the case to this Court. (ECF No. 1, p. 1). Subsequently, on September 20, 2017, Defendant filed a Motion to Open the Confessed Judgment (the "Motion to Open"). Mot. Open (ECF No. 2.) Defendant argued that the Agreements at issue are in fact loans that charge usurious interest rates in violation of California and New York usury laws. (ECF No. 2-1, pp. 9, 15.)

On September 12, 2018, this Court denied Defendant's Motion to Open for failing to state a meritorious defense under Pennsylvania law. Order Denying Mot. Open (ECF No. 19, p. 1.) The Court reached this decision as to the December 2016 agreement after conducting a choice-of-law analysis between California and Pennsylvania. Importantly, the Court thoroughly considered whether applying Pennsylvania law would be contrary to a fundamental policy of California law or diminish the protection afforded to California citizens. (ECF No. 19, pp. 1-2.) The Court determined it would not. (*Id*.) The Court applied Pennsylvania law to the April 2017 agreement

because it interpreted that contract as providing for either the application of New York law[1] or the law of the forum where Plaintiff chose to initiate a suit. (ECF No. 19, p. 2.) As Plaintiff initiated suit in the Philadelphia Court of Common Pleas, the Court applied Pennsylvania law to that agreement as well. (*Id.*)

Disagreeing with this outcome, Defendant filed a Motion for Reconsideration of the denied Motion to Open based on purportedly: 1) newly discovered evidence that supports a public policy argument for the application of California law to the December 2016 agreement, 2) new law demonstrating an error in the Court's choice-of-law analysis with respect to the December 2016 agreement, and 3) an inaccurate interpretation of the governing law provision in the April 2017 agreement, which led to an incorrect application of Pennsylvania law rather than New York law. Mot. Recons. (ECF No. 20, pp. 4, 7,8.) The Court will grant the Motion for Reconsideration, in part, and deny it, in part. Defendants have not provided the Court with any new evidence or identified any misapplication of law with respect to the Court's application of Pennsylvania law to the December 2016 agreement. However, the Court agrees with Defendant that an incorrect interpretation of the April 2017 agreement warrants the application of New York law.

III. STANDARD OF REVIEW

A. Motion for Reconsideration

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (internal citation omitted). Consequently, and in accordance with Rule 59(e) of the Federal Rules of Civil Procedure, reconsideration of a

---

[1] Plaintiff is the successor in interest to Broadway Advance, LLC ("Broadway"), the signatory to the April 2017 agreement.

judgment will be granted only when there is 1) an intervening change in controlling law, 2) newly available evidence, or 3) a need to correct an error of law or fact or to prevent manifest injustice. Generally, motions for reconsideration are highly disfavored by courts and are granted sparingly. *Eichelberger v. City of Phila.*, No. 17-5795, 2018 WL 3730691, at *1 (E.D. Pa. Aug. 3, 2018). Mere dissatisfaction with a court's ruling will not warrant reconsideration. *Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016).

### B. Motion to Open a Confessed Judgment

A confession of judgment clause in a contract "permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture." *Lowe v. Federal Nat'l Mortgage Ass'n*, No. 16-4290, 2017 WL 445825, at *3 (E.D. Pa. Feb. 2, 2017) (quoting *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F. 3d 28, 31 (3d Cir. 1995); *Southwestern Pennsylvania Regional Council, Inc. v. Gentile*, 776 A.2d 276, 279 n.3 (Pa. Super. Ct. 2001). A party may properly seek to open a confessed judgment where "the truth of the factual averments contained in such record are disputed." *Highway Equipment and Supply Co. v. Arillotta*, No. 1579, 2014 WL 10965728, at *2 (Pa. Super. Ct. Mar. 31, 2014) (internal citation omitted). As Rule 2959(e) of the Pennsylvania Rules of Civil Procedure prohibits courts from weighing the sufficiency of the evidence, a petition to open a confessed judgment "must present clear, direct, and precise and believable evidence." *Id*. In considering this evidence, a court shall "view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences therefrom . . . while [] reject[ing] adverse allegations of the party obtaining the judgment." *Id*. (internal quotation omitted).

4

## IV. DISCUSSION

### A. December 2016 Agreement

#### 1. Newly Available Evidence

Defendant first argues that reconsideration is warranted because Plaintiff submitted a forged affidavit in support of a confession of judgment filed in New York after this Court issued its Order denying the Motion to Open. (ECF No. 20, pp. 2,4.) Plaintiff allegedly obtained a second judgment against Defendant by falsely stating in the affidavit that: "no prior request from the within-requested relief has been made." (ECF No. 20, p. 4.) However, Defendant fails to demonstrate how an affidavit made subsequent to this Court's Order denying the Motion to Open demonstrates error with the Court's choice-of-law analysis in that Order with respect to this agreement. The Court thus finds this argument is without merit.

Defendant next argues that reconsideration is warranted because Defendant now alleges that Plaintiff's principals and management have criminal records that would prevent them from obtaining lender's licenses under California law. (ECF No. 20, p. 3.) Defendant believes that it has discovered new evidence that Plaintiff's alleged true owner has a criminal record (ECF No. 20-6). (ECF No. 20, p. 6). Consequently, Defendant argues that Plaintiff cannot obtain a judgment based upon the December 2016 Agreement because Plaintiff has been operating without a valid license under California law given the criminal record of Plaintiff's alleged principal. (ECF No. 20, pp. 3, 6).

First, Defendant fails to show how the criminal judgment from April 2010 that is appended to the Motion for Reconsideration constitutes "new evidence." *See OR v. Hutner*, 576 Fed. Appx. 106, 110 (3d Cir. 2014) (affirming the movant's burden to "show that evidence that they submitted in support of their motion for reconsideration was new evidence that was not available when the

District Court ruled on the underlying motions"); (*see also* ECF No. 19). Second, even if that were not an issue, as Plaintiff notes, Defendant fails to show how this criminal record is relevant to the matter at hand. Opp'n Mot. Recons. at 3 (ECF No. 23). Rather than show how this alleged new evidence supports a finding of error with the Court's prior choice-of-law analysis, Defendant puts the proverbial rabbit in the hat by arguing that an alleged violation of California law warrants the application of that forum's law to this Agreement. Accordingly, the Court finds Defendant's argument on this point is of no moment.

### 2. Intervening Change in Controlling Law

Defendant next argues that the Court "may have overlooked case law" evidencing California's strong public policy interest in protecting its residents from "lonesharking . . . collection tactics." (ECF No. 20, p. 3.) Defendant identifies, *Brack v. Omni Loan Co., Ltd.*, 164 Cal. App. 4th 1312, 1326 (Cal. App. 2008) as the overlooked case. (ECF No. 20, p. 2). In *Brack*, a class of 12,000 plaintiffs sued a Nevada corporation, Omni Loan Co., Ltd. ("Omni"), for operating in violation of California's Finance Lenders Law. *Brack*, 164 Cal. App. 4th at 1316. Omni opened a loan office in California and financed nonresident members of the military after seeking and failing to obtain a ruling from California's Commissioner of Corporations that would exempt its loans from California's Finance Lenders Law. *Id.* at 1318. The loan agreements at issue all contained a choice-of-law provision stating they would be governed by Nevada law, however the *Brack* court applied California law. *Id*. In reaching its decision that court noted "the strong policy favoring enforcement of [choice-of-law] provisions" set forth in Section 187 of the Restatement Second of Conflict of Laws, but ultimately determined that California had a

materially greater interest in the *12,000 loans* made to is citizens, over Nevada's interest in *one* of its corporate citizens. *Id.* at 1318.

Defendant's oversimplification of the case to self-serving quotes about California's strong public policy interest in prohibiting usurious lending practices is unavailing. As this Court stated previously, "[t]hat Pennsylvania codifies limited exceptions to its usury laws does not render its interest in protecting against usurious lenders any less significant than that of California." (ECF No. 19, p. 2). Indeed, in *Cash Am. Net of Nev., LLC v. Dep't of Banking*, 8 A.3d 282 (Pa. 2010), a case identified as one of significance by Defendant, the Pennsylvania Supreme Court stated: "[i]t is well established that public policy in [Pennsylvania] prohibits usurious lending, and this prohibition has been recognized for over 100 years." 8 A.3d 282, 292 (Pa. 2010).

Finally, Defendant contends that the decision reached in, *Fleetwood Servs., LLC v. Complete Bus. Sols. Grp.*, No. 18-268, 2019 2019 WL 2016198 (E.D. Pa. Apr. 10, 2019), after entry of this Court's Order denying the Motion to Open evidences error with the Court's choice-of-law analysis because that court applied the law of another forum even though the agreements at issue contained a choice-of-law provision identifying Pennsylvania. Reply ISO Mot. Recons. at 3-4 (ECF No. 30.) However, although *Fleetwood* is factually similar to this case, including, notably, that it also concerns Plaintiff, it is distinct in two key regards.

First, the *Fleetwood* decision is of a completely different procedural posture. *Fleetwood* concerned Defendant Complete Business Solutions Group, Inc. d/b/a Par Funding's ("Defendant CBSG") motion to dismiss class action claims filed under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for failure to state a claim. *Fleetwood Servs.*, 2019 U.S. Dist. Lexis 61504, at *1. To consider the merits of the motion to dismiss, the *Fleetwood* court **assumed** the factoring agreements at issue were loans, and after construing the factual allegations in Plaintiff's

favor, denied Defendant CBSG's motion to dismiss. *Id*. at *3, 10. Whereas here, the Court considered a motion to open a confessed judgment pursuant to a confession of judgment clause. The *Fleetwood* court had to view all allegations in Plaintiffs' favor given the posture of the case. This Court had to determine whether Defendant presented sufficient evidence of a meritorious defense that would require submission of the issues to a jury. *Highway Equipment and Supply Co. v. Arilotta,* 2014 WL 10965728, at *2 (Pa. Super. Ct. Mar. 31, 2014). As Defendant's arguments failed as a matter of law, the Court determined that Defendant failed to satisfy this burden. Second, the *Fleetwood* court had to weigh the interests of the forums in the context of a class action alleging RICO violations against one Pennsylvania corporate citizen. Here, one Pennsylvania corporate citizen has raised claims against one California citizen for alleged usurious lending practices that both California and Pennsylvania have laws in place to prevent. Upon reconsideration, there is nothing evident from a comparison of *Fleetwood* to the case at bar that warrants reconsideration.

Thus, rather than providing the Court with an intervening change in controlling law, Defendant has simply expressed dissatisfaction with the Court's ruling, which is not a sufficient basis for reconsideration. *Burger King Corp. v. New Eng. Hood & Duct Cleaning Co.*, Civil Action No. 98-3610, 2000 U.S. Dist. Lexis 1022, at *5 (E.D. Pa. Feb. 4, 2000).

### B. April 2017 Agreement

1. <u>Reconsideration is Warranted Due to the Misapplication of Pennsylvania Law</u>

Defendant's sole argument for reconsideration as to this agreement is that the Court erred in its interpretation of the governing law provision in the contract. (ECF No. 20, p. 4). Defendant is correct.

The April 2017 agreement provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regards to any applicable principals of conflicts of law.

(ECF No. 5-4, ¶ 4.5). Moreover, with respect to the forum selection clause contained in that section:

> Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall if FUNDER so elects, be instituted in any court sitting in New York, (the "Acceptable Forums"). . . . Should such proceeding be initiated in any forum, Merchant waives any right to oppose any motion or application made by FUNDER to transfer such proceeding to an Acceptable Forum.

Thus, the Funder – presumably Broadway[2] – may institute any suit arising under the April 2017 agreement in New York or at its discretion, and without objection by Plaintiff, have any matter commenced elsewhere transferred to a court situated in New York. (*Accord* ECF No. 5, p. 11). Plaintiff, a Pennsylvania entity, properly chose to initiate its suit in Pennsylvania, but that did not warrant the application of Pennsylvania law. Accordingly, the Motion for Reconsideration is granted as to the April 2017 agreement.

### 2. Defendant's Motion to Open the Confessed Judgment

Given the Court's misapplication of Pennsylvania law to the April 2017 agreement, the Court will now reconsider the Motion to Open as to this agreement only. The Court will apply Pennsylvania law to its consideration of the Motion to Open and New York law to its evaluation

---

[2] The Court assumes for purposes of the Motion for Reconsideration and Motion to Open that Broadway is the "FUNDER" referenced in the April 2017 agreement given the context within which the term is used. Although this term is used throughout that agreement, the Court was not able to find a defined term stating that Broadway would be referred to as the Funder, only that Broadway would be referred to as "BA."

of the April 2017 agreement. (*Accord* ECF No. 2-1, p. 8 (". . . Pennsylvania law governs the substantive issues regarding whether to open or strike the judgment")) (internal quotation omitted.)

Plaintiff has argued that the Court should not open the confessed judgment because Defendant "has not brought forth any evidence that he did not understand any of the terms of the documents" or that he did not freely sign and agree to be bound by them. (ECF No. 5, p. 9). Additionally, Plaintiff argues that Defendant committed an uncured default under the April 2017 agreement, and there is no evidence demonstrating otherwise. (ECF No. 5, p. 10). However, none of these arguments address Defendant's arguments that the April 2017 Agreement is not a factoring agreement, but rather a loan that is usurious under New York law. As Plaintiff has failed to address Defendant's arguments and the Court will not make Plaintiff's arguments for it, the Court shall consider the evidence provided by Defendant "in the light most favorable to [Defendant] and accept as true [said] evidence and proper inferences therefrom." Having done so, the Court finds that Defendant has set forth sufficiently "clear, direct, and precise and believable evidence," to warrant the grant of its Motion to Open as to the April 2017 Agreement only.

V. **CONCLUSION**

For the forgoing reasons, Defendant's Motion for Reconsideration is denied as to the December 2016 Agreement and granted as to the April 2017 Agreement. Moreover, Defendant's underlying Motion to Open is granted as to the April 2017 Agreement. An appropriate order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II  J.